No. 23-20327

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____


Naeem Nizar Ali Momin
Plaintiff-Appellant

v.

Ur M. Jaddou, Director of U.S. Citizenship and Immigration
Services; Alejandro Mayorkas, Secretary, U.S. Department of
Homeland Security; Wallace L. Carroll, Houston Field Office
Director US Citizenship and Immigration Services; Merrick
Garland, U.S. Attorney General,
Defendants - Appellees
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
Civil Action No. 4:23-CV-00157
Honorable David Hittner, District Judge, presiding.
_____

**APPELLANT'S REPLY BRIEF**
_____




Javier Rivera
Lead Counsel
Law Office of Javier Rivera
PO Box 848
Houston, Texas 77001
Telephone: (832) 991-1105

1

# I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ..................................................................................2

II. TABLE OF AUTHORITIES .............................................................................3

III. STATEMENT OF ISSUES PRESENTED FOR REVIEW……………………4

IV. ARGUMENT .................................................................................................4-9

   a. Section 1252(a)(2)(B)(i) does not preclude a court from reviewing the Appellant's adjustment application……………………………………….4-8
   b. The Appellant solely challenges the denied wavier due to the continued misstatement of the facts by USCIS raising both questions of law and constitutional claims……………………………………………………8-9
   c. Whether all adjustment of status applications are independently unreviewable in federal court as they are committed to agency discretion by law…………………………………………………………………………..9

V. CONCLUSION AND PRAYER FOR RELIEF ..................................................9

VI. CERTIFICATE OF SERVICE ........................................................................10

VII. STATEMENT REGARDING ORAL ARGUMENT…………………………..11

VIII. CERTIFICATE OF COMPLIANCE ............................................................12

## II. TABLE OF AUTHORITIES

**Case** **Pages**

(no new authorities cited)

## III. STATEMENT OF ISSUES PRESENTED FOR REVIEW

A.  Whether Section 1252(a)(2)(B)(i) precludes a federal court from reviewing the application for adjustment status for an individual in exclusion proceedings

B.  Whether Section 1182(i) precludes a federal court from reviewing a waiver of inadmissibility.

C.  Whether all adjustment of status applications are independently unreviewable in federal court as they are committed to agency discretion by law.

## IV. ARGUMENT

### A. Section 1252(a)(2)(B)(i) does not preclude a court from reviewing the Appellant's adjustment application

i.  Section 1252(a)(2)(B)(i) does not preclude a court from reviewing the Appellant's adjustment application when an immigration court is statutorily barred from de novo review

The Appellee cites 8 USC 1252 as a jurisdictional stripping provision of the code to disallow review over the Plaintiffs suit however this is misplaced. The chapter title and subsequent provision of this subsection are only applicable for removal proceedings. The Plaintiff is not in removal proceedings therefore the citation to this section is inappropriate. There is no like provision in the code stripping judicial review from an applicant in exclusion proceedings therefore, citation to this section is misguided.

The statute invoked by the Defendants here is the Immigration and Nationality Act, which provides that "a court may review a final order of removal only if [among other requirements] the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d). These two statutes provide a similar restriction: The federal courts have federal jurisdiction only over final agency actions for which there is no other remedy. The INA has additional jurisdictional limitations derived from § 1252, but those further restrictions require a final agency action. "As a matter of jurisdiction, courts may not review the administrative decisions of the INA unless the appellant has first exhausted 'all administrative remedies." *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (citing 8 U.S.C. § 1252(d) (1999)); *see also Velasquez v. Nielsen*, 754 F. App'x 256, 260-61 (5th Cir. 2018). The 5th Circuit, in a precedential decision, recently ruled that federal courts do not have subject matter jurisdiction to review a status-adjustment decision by the USCIS under either the APA or the INA because the alien retains the right to de novo review of that decision in his final removal proceedings. *Elldakli v. Garland*, 64 F.4th 666 (5th Cir. 2023). However, *Elldakli*, which heavily cited *Patel v. Garland*, is altogether distinguishable from the current matter as the Appellant is in exclusion proceeding and the immigration judge could never re-hear his application for adjustment of status.

Further, in *Elldakli* the Plaintiffs were not claiming to be arriving aliens paroled into the country nor had they even been placed in removal proceedings. The Plaintiffs in *Elldakli* were directly challenging the denial of a discretionary decision (I-140 national interest waiver) and the denial of their residency applications (I-485 Applications to adjust status). The path for *Elldakli* was clear; immigration court held de novo review over their applications for adjustment of status. The instant matter is altogether different and the holding of *Elldakli* should not steer the Courts gaze from the current fact pattern of the Plaintiff: a non-citizen in exclusion proceedings may not seek de novo review of his application for adjustment of status before an immigration judge therefore he has no alternative but to seek judicial review.

      ii.      Section 1252(a)(2)(B)(i) does not preclude a court from reviewing the Appellant's adjustment application as it involves a legal question and raises a constitutional claim.

Throughout the USCIS proceeding and the District Court case the Appellee has ignored the real question presented. Can an applicant for adjustment of status commit misrepresentation if the identity document he possesses contains errors committed by the governmental agency? This is a legal question. After years of continued requests for assistance the government of Pakistan finally recognized their error and issues a document notating their own error in the Appellants passport and

the birth certificate. The Pakistani government issued a formal letter from the consulate acknowledging their error and confirming the steps they have taken to remedy the situation. (ROA.105) The question of the Appellants birth date and validity of his birth certificate with the error is at the center of USCIS' determination that he has committed fraud and misrepresentation. However, despite the consulate's acceptance of their error USCIS has continued to find fraud on the part of the Appellant. The determination of what constitutes fraud is a legal question and should be reviewed by the Court.

Further, the Appellees insistence that the Appellant committed fraud upon entry is barred by the doctrine of res judicata and would be considered a constitutional claim (ROA 41-44). While it is undisputed that the Appellant entered the United States was immediately placed in exclusion proceedings whether or not he committed fraud and misrepresentation upon entry has already been decided by an immigration judge. In exclusion proceedings an immigration judge found that the charge of fraud and misrepresentation could not be sustained against the Appellant and the government subsequently withdrew that charge. (ROA.103) This charge was withdrawn by DHS and the matter proceeded on inadmissibility under a different subpart of the INA. Curiously and despite the formal finding by the Immigration Judge USCIS continues to state that the Appellant committed fraud and misrepresentation upon entry. This raises both questions of law and constitutional

questions as this would be considered improper res judicata. The Appellees should give credence to formal findings made by the Immigration Judge regarding the alleged fraud upon entry. This was not done, leaving the Appellant to relitigate the same matter in front of USCIS. This Court has recognized that a final decision by an immigration judge has a preclusive effect on future litigation and agency decisions. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-08, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991); *Medina v. INS*, 993 F.2d 499, 503-04, 503 n.15 (5th Cir. 1993). *See also Amrollah v. Napolitano*, 710 F.3d 568, 571 (5th Cir. 2013)

### B. The Appellant solely challenges the denied wavier due to the continued misstatement of the facts by USCIS raising both questions of law and constitutional claims

As stated in the initial complaint, and above, the Appellant challenges his denial of an I-601 waiver due to the misstatement of facts in the USCIS' decision. (ROA 45-52) The continued misstatement of the facts and continued omission of critical details which took place in immigration court has led USCIS to find fraud and misrepresentation.

The challenge to the denial of the I-601 wavier is therefore not barred by USC 1182(i)(2) as it is not a challenge to the discretionary authority of the Defendants in granting or denying the waiver, it is a challenge base on constitutional claims of due

process and res judicata. For these reasons the Appellant challenges the denial of the waiver.

### C. Adjustment of status applications are independently reviewable in federal court when questions of law and constitutional claims are raised

For the reasons stated above and incorporated by reference here, adjustment of status applications are reviewable by federal courts in the context of questions of law and constitutional claims. These avenues have always been open for judicial review.

## V. CONCLUSION

The Plaintiffs therefore pray that the Court reverse the District Court's decision finding that it lacked subject matter jurisdiction and remand this matter back to the District Court for consideration on its merits.

Date: November 21, 2023                    Respectfully Submitted,

/s/ Javier Rivera
Javier Rivera Lead Counsel
Law Office of Javier Rivera
PO Box 848
Houston, Texas 77001
Telephone:(832)991-1105
rjriveralaw@gmail.com

## VI. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 21th day of November 2023 I filed the foregoing Petitioner's Brief with the Fifth Circuit Court of Appeals via the Court's CM/ECF electronic filing system.


<u>/s/Javier Rivera</u>
Javier Rivera

## VII.  STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Fifth Circuit Rule 28.2.3 Appellants join the Appellees in requesting oral argument in this matter.  Appellants believe that this suit raises significant issues of statutory interpretation, proper application of case law and nationwide operation of executive agencies.  Oral argument would aid this court sift through these complex issues.

# VIII. CERTIFICATE OF COMPLIANCE

Pursuant to 5 Cir. R. 32.2, the undersigned counsel certifies that this brief complies with the type volume limitations of said rule.

1. Exclusive of portions exempted by 5th Cir. R. 32.2 and Fed. R. App. P. 32(a)(7)(B)(iii), the brief contains 1,640 words.

2. The brief was prepared using Microsoft Word in Times New Roman 14 Point Font.

3. An electric copy of the brief in pdf format was submitted to the Court and Opposing Counsel

4. The undersigned understands that a material misrepresentation in completing this certificate or circumvention of the type-volume limits in 5th Cir. R. 32.2 may result in the court striking the brief and imposing sanctions against the person signing the brief.

/S/Javier Rivera
Javier Rivera